**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RUKAYATU E. BELLO )<br>  608 Jefferson Street, Apt.304 )<br>  Washington, DC 20011 )<br>  )<br>and )<br>  )<br>MERCEDES A. WOODSON )<br>  3639 Elder Oaks Blvd. )<br>  Apt. 9103 )<br>  Bowie, MD 20716 )<br>  ) | Case No.: |

RUKAYATU E. BELLO )
  608 Jefferson Street, Apt.304 )
  Washington, DC 20011 )
          )
and         )
          )
MERCEDES A. WOODSON )
  3639 Elder Oaks Blvd. )
  Apt. 9103 )
  Bowie, MD 20716 )
          )          Case No.:
and         )
          )
OLAYINKA ONI-ORISAN )
  719 Euclid Street, NW )
  Apt. 1 )
  Washington, DC 20001 )
          )
and         )
          )
FATIMA RASHID )
  2251 Sherman Avenue, NW )
  Washington, DC 20001 )
          )
and         )
          )
KERA SINGLETON )
 2455 4th Street, NW )
 Washington, DC 20059 )
          )
       Plaintiffs )
          )
vs.         )
          )
HOWARD UNIVERSITY )
  2400 sixth Street, NW )
  Suite 321 )
  Washington, DC 20059 )
          )
    Serve on: )
    Office of the General Counsel )
    2400 Sixth Street, NW )

1

|  |  |
|---|---|
| Suite 321 | ) |
| Washington, DC 20059 | ) |
|  | ) |
| and | ) |
|  | ) |
| GEORGE BRIGHT-ABU | ) |
| Individually and as Employee of | ) |
| Howard University | ) |
|   6236 Oscar Court | ) |
|   Woodbridge, VA 22193 | ) |
|  | ) |
| Defendants. | ) |
|  | ) |
| _____ | ) |

## COMPLAINT

Plaintiffs, RUKAYATU E. BELLO, MERCEDES A. WOODSON, OLAYINKA ONI-ORISAN, FATIMA RASHID, and KERA SINGLETON (hereinafter referred to collectively as "Plaintiffs") by and through undersigned counsel, sue Defendants, HOWARD UNIVERSITY (hereinafter referred to as "Defendant Howard University") and GEORGE BRIGHT-ABU (hereinafter referred to as "Defendant Bright-Abu"), and state:

### The Parties

1.   At all times relevant to this action Plaintiff Rukayatu E. Bello (hereinafter referred to as "Ms. Bello"), was a resident of the District of Columbia.

2.   At all times relevant to this action Plaintiff Mercedes A. Woodson (hereinafter referred to as "Ms. Woodson"), was a resident of the State of Maryland.

3.   At all times relevant to this action Plaintiff Olayinka Oni-Orisan (hereinafter referred to as "Ms. Oni-Orisan"), was a resident of the District of Columbia.

4.   At all times relevant to this action Plaintiff Fatima Rashid (hereinafter referred to as "Ms. Rashid"), was a resident of the District of Columbia.

5. At all times relevant to this action Plaintiff Kera Singleton (hereinafter referred to as "Ms. Singleton"), was a resident of the District of Columbia.

6. Defendant Howard University is a federally chartered institution of higher learning located in the District of Columbia, Washington.

**7.** At all times relevant to this action Defendant Bright-Abu, was a resident of the state of Virginia.

### Jurisdiction and Venue

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the parties, and the sum or value of the matter in controversy exceeds $75,000, exclusive of interest and costs.

9. Further, this Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 because this case presents a federal question arising from the laws of the United States.

10. Venue is proper in this District pursuant to 28 U.S.C. §1391(a) because a substantial part of the events giving rise to the instant claims occurred in this District.

### General Allegations

11. All Plaintiffs were fulltime undergraduate students at Defendant Howard University during the 2010-2011 academic school year.[1]

12. All Plaintiffs were work-study students assigned to work in Howard University's The Founders Library (hereinafter referred to as "Founders Library") located at 500 Howard Place, NW, Washington, DC 20059 during the 2010-2011 academic school year.

---

[1] In May 2011 both Ms. Bello and Ms. Woodson graduated with undergraduate degrees from Howard University. Ms. Oni-Orisan and Ms. Rashid are currently undergraduate students at Howard University majoring in Supply Chain Management. And Ms. Singleton is currently an undergraduate student at Howard University majoring in English.

3

13. Defendant Howard University hired Defendant Bright-Abu as a fulltime employee to work in the Founders Library.

14. Defendant Bright-Abu was employed by Defendant Howard University to supervise work-study students in Howard University's Founders Library during the 2010-2011 academic school year.

15. Defendant Bright-Abu has a pattern and practice of singling out young ladies assigned to the Founders Library as work-study students and using his authority as their supervisor to ultimately bring them to a point of engaging in unwanted, unwelcomed, and inappropriate sexual contact.

### General Allegations – Ms. Woodson

16. On or about September 1, 2010, Defendant Bright-Abu began physically and verbally sexually assaulting Ms. Woodson.  Specifically, Defendant Bright-Abu on numerous occasions engaged in unwanted touching of Ms. Woodson's back and breast, flirted with Ms. Woodson while at work, and made several degrading propositions of a sexual nature while she was a work-study student at the Founders Library.

17. On or about September 1, 2010, Ms. Woodson reported Defendant Bright-Abu's inappropriate actions to a Non-party Howard University employee, Mr. Thomas, who is a supervisor in the Founders Library and a Security Guard in the Founders Library.

18. On or about September 2, 2010, Ms. Woodson informed Defendant Bright-Abu's secretary, Non-Party Vanessa Oyugi, and two other Non-Party employees of Howard University's Founders Library, Ian Robinson and Aaron Robinson, of Defendant Bright-Abu's inappropriate actions against her.

19. Further, on or about April 21, 2011, Ms. Woodson called and filed a police report against Defendant Bright-Abu with the District of Columbia Police Department.

20. On or about April 26, 2011, Ms. Woodson met with Non-Party Dr. Arthuree Wright, Director of Howard University's Founders Library (hereinafter Non-Party Wright) and four other young ladies, which included Plaintiffs Bello, Oni-Orisan, Rashid, and Singleton, to discuss and confirm Defendant Bright-Abu's various sexual assault/harassment encounters against them and to discuss and confirm Defendant Bright-Abu's September 1, 2010 sexual assault against her.

### General Allegations – Bello

21. On or about April 20, 2011 and several other occasions, Defendant Bright-Abu physically and verbally sexually assaulted Ms. Bello.  Specifically, Defendant Bright-Abu engaged in unwanted touching of Ms. Bello's hair and back. During this same encounter, Defendant Bright-Abu tried to kiss Ms. Bello and hugged her while he was sexually aroused.  On numerous occasions, Defendant Bright-Abu flirted with Ms. Bello while at work and made several degrading propositions of a sexual nature while she was a work-study student at the Founders Library.

22. On or about April 21, 2011, Ms. Bello reported Defendant Bright-Abu's physical and verbal sexual assault against her to Non-Party Aaron Robinson, fulltime employee of Howard University's Founders Library.

23. On or about April 25, 2011, Ms. Bello reported Defendant Bright-Abu's physical and verbal sexual assault against her to Non-Party Ms. Coleman, fulltime employee of Howard University's Founders Library.

24.     Further, on April 21, 2011, along with Ms. Woodson, Ms. Bello called and filed a police report against Defendant Bright-Abu with the District of Columbia Police Department.

25.     On or about April 26, 2011, Ms. Bello met with Non-Party Wright and four other young ladies, which included Plaintiffs Woodson, Oni-Orisan, Rashid, and Singleton, to discuss and confirm Defendant Bright-Abu's various sexual assault/harassment encounters against them and to discuss and confirm Defendant Bright-Abu's April 20, 2011 sexual assault against her.

### General Allegations – Ms. Oni--Orisan

26.     On several occasions during the 2010 – 2011 academic school year, Ms. Oni-Orisan witnessed Defendant Bright-Abu physically and verbally sexually assault Ms. Bello. Specifically, Defendant Bright-Abu offended and made Ms. Oni-Orisan afraid to go to his office alone because she witnessed him inappropriately touching Ms. Bello and making inappropriate comments to Ms. Bello, which made her visibly nervous.

27.     On or about April 26, 2011, Ms. Oni-Orisan met with Non-Party Wright and four other young ladies, which included Plaintiffs Woodson, Bello, Rashid, and Singleton, to discuss and confirm Defendant Bright-Abu's various sexual assault/harassment encounters against them.

### General Allegations – Ms. Rashid

28.     On several occasions during the 2010- 2011 academic school year, Defendant Bright-Abu verbally sexually assaulted Ms Rashid.  Specifically, Defendant Bright-Abu made inappropriate and unwelcomed comments to Ms. Rashid such as "Do you have a boyfriend?  Are you having sex with your boyfriend?"  In addition, Defendant Bright-Abu flirted with Ms. Rashid during her employment as a work-study student, all of which made her afraid to go into his office and be anywhere alone with Defendant Bright-Abu.

29. On or about April 26, 2011, Ms. Rashid met with Non-Party Wright and four other young ladies, which included Plaintiffs Woodson, Bello, Oni-Orisan, and Singleton, to discuss and confirm Defendant Bright-Abu's various sexual assault/harassment encounters against them and to discuss and confirm Defendant Bright-Abu's various sexual assault/harassment incidents against her.

### General Allegations – Ms. Singleton

30. On several occasions during the 2010- 2011 academic school year, Defendant Bright-Abu verbally sexually assaulted Ms Singleton. Specifically, Defendant Bright-Abu made inappropriate and unwelcomed comments to Ms. Singleton such as "do you have a boyfriend?" And Defendant Bright-Abu asked her to be his second wife in Ghanan.  In addition, Defendant Bright-Abu flirted with Ms. Singleton during her employment as a work-study student, all of which made her afraid to go into his office and be anywhere alone with Defendant Bright-Abu.

31. On or about April 26, 2011, Ms. Singleton met with Non-Party Wright and four other young ladies, which included Plaintiffs Woodson, Bello, Oni-Orisan, and Rashid, to discuss and confirm Defendant Bright-Abu's various sexual assault/harassment encounters against them and to discuss and confirm Defendant Bright-Abu's various sexual assault/harassment incidents against her.

### General Allegations – Criminal Conviction of Defendant Bright Abu For Sexual Assault of Bello and Woodson

32. On July 22, 2011, Defendant Bright-Abu was convicted of two counts of misdemeanor sexual abuse and one count of simple assault against Ms. Bello and Ms. Woodson. Superior Court of the District of Columbia, Criminal Case No. 2011-CMD-007791.

33. Defendant Bright-Abu's criminal trial was held on July 21 and 22, 2011. Plaintiffs Bello, Woodson, and Oni-Orisan testified as victims and witnesses at Defendant Bright-Abu's criminal trial.

34. On July 22, 2011, Defendant Bright-Abu was sentenced to the maximum penalty of 180 days on each count of sexual abuse against Ms. Bello and Ms. Woodson for a total of 360 days. Defendant Bright-Abu was ordered to serve 60 days for each count, thereby serving a total of 120 days in jail.

## COUNT I.—Declaratory Relief against Howard University

35. All Plaintiffs re-allege paragraphs 11-34, above, as if fully set forth herein.

36. This claim is brought pursuant to 28 U.S.C. §2201.

37. A dispute exists or may exist between Plaintiffs, on the one hand, and Defendant Howard University, on the other, as to whether Defendant Bright-Abu was an employee of Defendant Howard University acting in the scope of his employment during the incidents alleged herein.

38. Plaintiffs believe that Defendant Bright-Abu was an employee of Defendant Howard University acting in the scope of his employment during the incidents alleged herein.

39. This dispute pertains to rights and obligations of the Parties under federal and state law.

40. This dispute creates a bona fide, actual and present need for a declaration of the Parties' rights and obligations under the federal and state law.

41. Plaintiffs are in doubt as to their rights under the law and are entitled to have that doubt removed.

42. Plaintiffs request that this court enter a judgment declaring that Defendant Bright-Abu was an employee of Defendant Howard University acting in the scope of his employment during the incidents alleged herein.

43. Plaintiffs have retained undersigned counsel and are obligated to pay undersigned counsel attorney's fees to enforce their rights. Defendants should be held obligated upon rendition of a judgment in favor of Plaintiffs for this claim to pay Plaintiffs' attorney's fees.

WHEREFORE, all Plaintiffs request declaratory relief against Defendant Howard University and Defendant Bright-Abu, as aforesaid, and an award of costs, pre and post-judgment interest, and attorney's fees under 28 U.S.C. §§2201 and 2202.

### COUNT II.—Negligence

44. All Plaintiffs re-allege paragraphs 11-43, above, as if fully set forth herein.

45. At all times relevant to this action Defendant Bright-Abu owed a duty of care to all Plaintiffs.

46. At all times relevant to this action Defendant Howard University owed a duty of care to all Plaintiffs.

47. Defendant Bright-Abu breached his duty of care to Ms. Woodson on September 1, 2010.

48. On September 1, 2010, at the time when Defendant Bright-Abu breached his duty of care to Ms. Woodson, Defendant Bright-Abu was an employee of Defendant Howard University acting in the scope of his employment.

49. Defendant Bright-Abu breached his duty of care to Ms. Bello on April 20, 2011.

50. On April 20, 2011, at the time when Defendant Bright-Abu breached his duty of care to Ms. Bello, Defendant Bright-Abu was an employee of Defendant Howard University acting in the scope of his employment.

51. Defendant Bright-Abu breached his duty of care to Ms. Oni-Orisan on several occasions during the 2010-2011 academic school year.

52. At the time when Defendant Bright-Abu breached his duty of care to Ms. Oni-Orisan, Defendant Bright-Abu was an employee of Defendant Howard University acting in the scope of his employment.

53. Defendant Bright-Abu breached his duty of care to Ms. Rashid on several occasions during the 2010-2011 academic school year.

54. At the time when Defendant Bright-Abu breached his duty of care to Ms. Rashid, Defendant Bright-Abu was an employee of Defendant Howard University acting in the scope of his employment.

55. Defendant Bright-Abu breached his duty of care to Ms. Singleton on several occasions during the 2010-2011 academic school year.

56. At the time when Defendant Bright-Abu breached his duty of care to Ms. Singleton, Defendant Bright-Abu was an employee of Defendant Howard University acting in the scope of his employment.

57. Further, Defendant Howard University directly breached its duty of care to all Plaintiffs by continuing to employ Defendant Bright-Abu after Defendant Howard University had been on notice of Defendant Bright-Abu's physical and verbal sexual assault tendencies.

58. Defendant Howard University breached its duty of care to all Plaintiffs by failing to take reasonable protective measures to ensure the safety of Plaintiffs after Defendant Howard

University had been on notice of Defendant Bright-Abu's physical and verbal sexual assault tendencies.

59. Defendant Howard University breached its duty of care to Plaintiffs by failing to adequately enforce its sexual harassment policies related to students and employees.

60. All Plaintiffs have sustained damages as a direct and proximate result of Defendants' breach of duty of care.

61. Plaintiffs have retained the undersigned counsel and are obligated to pay the undersigned counsel attorney's fees as a result of Defendants' conduct.

WHEREFORE, all Plaintiffs request judgment for compensatory, consequential, and punitive damages, and attorney's fees, against Defendants Howard University and Bright-Abu.

### COUNT III.—Intentional Infliction of Emotional Distress

62. All Plaintiffs re-allege paragraphs 11-61, above, as if fully set forth herein.

63. On September 1, 2010 Defendant Bright-Abu intentionally engaged in extreme and outrageous conduct against Ms. Woodson.

64. On September 1, 2010, at the time when Defendant Bright-Abu intentionally engaged in extreme and outrageous conduct against Ms. Woodson, Defendant Bright-Abu was an employee of Defendant Howard University acting in the scope of his employment.

65. On April 20, 2011, Defendant Bright-Abu intentionally engaged in extreme and outrageous conduct against Ms. Bello.

66. On April 20, 2011, at the time when Defendant Bright-Abu intentionally engaged in extreme and outrageous conduct against Ms. Bello, Defendant Bright-Abu was an employee of Defendant Howard University acting in the scope of his employment.

67. On several occasions during the 2010-2011 academic school year, Defendant Bright-Abu intentionally engaged in extreme and outrageous conduct against Ms. Oni-Orisan.

68. At the time when Defendant Bright-Abu intentionally engaged in extreme and outrageous conduct against Ms. Oni-Orisan, Defendant Bright-Abu was an employee of Defendant Howard University acting in the scope of his employment.

69. On several occasions during the 2010-2011 academic school year, Defendant Bright-Abu intentionally engaged in extreme and outrageous conduct against Ms. Rashid.

70. At the time when Defendant Bright-Abu intentionally engaged in extreme and outrageous conduct against Ms. Rashid, Defendant Bright-Abu was an employee of Defendant Howard University acting in the scope of his employment.

71. On several occasions during the 2010-2011 academic school year, Defendant Bright-Abu intentionally engaged in extreme and outrageous conduct against Ms. Singleton.

72. At the time when Defendant Bright-Abu intentionally engaged in extreme and outrageous conduct against Ms. Singleton, Defendant Bright-Abu was an employee of Defendant Howard University acting in the scope of his employment.

73. All Plaintiffs have sustained severe emotional distress as a direct and proximate result of Defendants' conduct set forth above.

74. Plaintiffs have retained the undersigned counsel and are obligated to pay the undersigned counsel attorney's fees as a result of Defendants' conduct.

WHEREFORE, all Plaintiffs request judgment for compensatory, consequential, and punitive damages, and attorney's fees, against Defendants Howard University and Bright-Abu.

### COUNT IV.—Negligent Infliction of Emotional Distress

75. All Plaintiffs re-allege paragraphs 11-74 above, as if fully set forth herein.

76. On September 1, 2010, at the time when Defendant Bright-Abu breached his duty of care to Ms. Woodson, Defendant Bright-Abu's conduct created a zone of danger which caused Ms. Woodson to fear for her safety.

77. On April 20, 2011, at the time when Defendant Bright-Abu breached his duty of care to Ms. Bello, Defendant Bright-Abu's conduct created a zone of danger which caused Ms. Bello to fear for her safety.

78. On several occasions during the 2010-2011 academic school year, at the time when Defendant Bright-Abu breached his duty of care to Ms. Oni-Orisan, Defendant Bright-Abu's conduct created a zone of danger which caused Ms. Oni-Orisan to fear for her safety.

79. On several occasions during the 2010-2011 academic school year, at the time when Defendant Bright-Abu breached his duty of care to Ms. Rashid, Defendant Bright-Abu's conduct created a zone of danger which caused Ms. Rashid to fear for her safety.

80. On several occasions during the 2010-2011 academic school year, at the time when Defendant Bright-Abu breached his duty of care to Ms. Singleton, Defendant Bright-Abu's conduct created a zone of danger which caused Ms. Singleton to fear for her safety.

81. Defendant Howard University's direct breaches of its duty of care to all Plaintiffs created a zone of danger which caused Plaintiffs to fear for their safety.

82. All Plaintiffs have sustained serious and verifiable emotional distress as a direct and proximate result of Defendants' conduct.

83. Plaintiffs have retained the undersigned counsel and are obligated to pay the undersigned counsel attorney's fees as a result of Defendants' conduct.

WHEREFORE, all Plaintiffs request judgment for compensatory, consequential, and punitive damages, and attorney's fees, against Defendants Howard University and Bright-Abu.

## COUNT V.—Sexual Harassment (Hostile Work Environment)

84.     All Plaintiffs re-allege paragraphs 11-83, above, as if fully set forth herein.

85.     This claim is brought pursuant to the District of Columbia Human Rights Act, D.C. Code §2-1401 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., 42 U.S.C. §1981, and Title IX, Education Amendments of 1972, 34 C.F.R. part 106.

86.     On September 1, 2010, Defendant Bright-Abu, motivated by sexual desire, subjected Ms. Woodson, a female, to unwelcomed sexual harassment, based on her sex, which created a hostile and abusive working environment for Ms. Woodson materially affecting the conditions of her employment.

87.     On September 1, 2010, at the time when Defendant Bright-Abu subjected Ms. Woodson to unwelcomed sexual harassment, Defendant Bright-Abu was an employee of Defendant Howard University acting in the scope of his employment.

88.     On April 20, 2011, Defendant Bright-Abu, motivated by sexual desire, subjected Ms. Bello, a female, to unwelcomed sexual harassment, based on her sex, which created a hostile and abusive working environment for Ms. Bello materially affecting the conditions of her employment.

89.     On April 20, 2011, at the time when Defendant Bright-Abu subjected Ms. Bello to unwelcomed sexual harassment, Defendant Bright-Abu was an employee of Defendant Howard University acting in the scope of his employment.

90.     On several occasions during the 2010-2011 academic school year, Defendant Bright-Abu, motivated by sexual desire, subjected Ms. Oni-Orisan, a female, to unwelcomed sexual harassment, based on her sex, which created a hostile and abusive working environment for Ms. Oni-Orisan materially affecting the conditions of her employment.

91. At the time when Defendant Bright-Abu subjected Ms. Oni-Orisan to unwelcomed sexual harassment, Defendant Bright-Abu was an employee of Defendant Howard University acting in the scope of his employment.

92. On several occasions during the 2010-2011 academic school year, Defendant Bright-Abu, motivated by sexual desire, subjected Ms. Rashid, a female, to unwelcomed sexual harassment, based on her sex, which created a hostile and abusive working environment for Ms. Rashid materially affecting the conditions of her employment.

93. At the time when Defendant Bright-Abu subjected Ms. Rashid to unwelcomed sexual harassment, Defendant Bright-Abu was an employee of Defendant Howard University acting in the scope of his employment.

94. On several occasions during the 2010-2011 academic school year, Defendant Bright-Abu, motivated by sexual desire, subjected Ms. Singleton, a female, to unwelcomed sexual harassment, based on her sex, which created a hostile and abusive working environment for Ms. Singleton materially affecting the conditions of her employment.

95. At the time when Defendant Bright-Abu subjected Ms. Singleton to unwelcomed sexual harassment, Defendant Bright-Abu was an employee of Defendant Howard University acting in the scope of his employment.

96. Further, Defendant Howard University created a hostile and abusive working environment for all Plaintiffs by continuing to employ Defendant Bright-Abu after Defendant Howard University had been on notice of Defendant Bright-Abu's physical and verbal sexual assault tendencies.

97. Defendant Howard University's conduct in creating a hostile and abusive working environment enabled Defendant Bright-Abu to target multiple members of the female sex.

98.     Plaintiffs have retained the undersigned counsel and are obligated to pay the undersigned counsel attorney's fees as a result of Defendants' conduct.

WHEREFORE, Plaintiffs request judgment for compensatory, consequential, and punitive damages, and attorney's fees, against Defendants Howard University and Bright-Abu.

### COUNT VI.—Civil Assault

99.     Plaintiffs Woodson and Bello re-allege paragraphs 11-98, above, as if fully set forth herein.

100.    On September 1, 2010, Defendant Bright-Abu intentionally and unlawfully attempted and threatened to do physical harm to Ms. Woodson.

101.    On September 1, 2010, at the time when Defendant Bright-Abu intentionally and unlawfully attempted and threatened to do physical harm to Ms. Woodson, Defendant Bright-Abu was an employee of Defendant Howard University acting in the scope of his employment.

102.    On April 20, 2011, Defendant Bright-Abu intentionally and unlawfully attempted and threatened to do physical harm to Ms. Bello.

103.    On April 20, 2011, at the time when Defendant Bright-Abu intentionally and unlawfully attempted and threatened to do physical harm to Ms. Bello, Defendant Bright-Abu was an employee of Defendant Howard University acting in the scope of his employment.

104.    Plaintiffs have retained the undersigned counsel and are obligated to pay the undersigned counsel attorney's fees as a result of Defendants' conduct.

WHEREFORE, all Plaintiffs request judgment for compensatory, consequential, and punitive damages, and attorney's fees, against Defendants Howard University and Bright-Abu.

## COUNT VII.—Civil Battery

105. Plaintiffs Bello and Woodson re-allege paragraphs 11-104, above, as if fully set forth herein.

106. On September 1, 2010, Defendant Bright-Abu intentionally caused harmful and offensive bodily contact with Ms. Woodson.

107. On September 1, 2010, at the time when Defendant Bright-Abu intentionally caused harmful and offensive bodily contact with Ms. Woodson, Defendant Bright-Abu was an employee of Defendant Howard University acting in the scope of his employment.

108. On April 20, 2011, Defendant Bright-Abu intentionally caused harmful and offensive bodily contact with Ms. Bello.

109. On April 20, 2011, at the time when Defendant Bright-Abu intentionally caused harmful and offensive bodily contact with Ms. Bello, Defendant Bright-Abu was an employee of Defendant Howard University acting in the scope of his employment.

110. Plaintiffs Bello and Woodson have retained the undersigned counsel and are obligated to pay the undersigned counsel attorney's fees as a result of Defendants' conduct.

WHEREFORE, Plaintiffs Bello and Woodson, request judgment for compensatory, consequential, and punitive damages, and attorney's fees, against Defendants Howard University and Bright-Abu.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury as to all counts.

Dated: November 28, 2011                Respectfully submitted:


_____/s/_____
Christal E. Edwards, Esq.
Bar Number: MD17742
Edwards Legal Group, LLC
9701 Apollo Drive, Suite 301
Largo, MD 20774
P: (240) 232-3122
F: (240) 23203169
Email: Cedwards@edwards-legal.com


_____/s/_____
Steven Bullock, Esq.
Bar Number: 397379
Law Offices of Steven Bullock
440 12th Street, NE, Unit 106
Washington, DC 20002
P: (202) 546-0180
F: (202) 546-0181
Email: steven@bullockslaw.com

Counsels for Plaintiffs