**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

RUKAYATU E. BELLO, *et al.*,

      Plaintiffs,

      v.

HOWARD UNIVERSITY, *et al.*,

      Defendants.

Civil Action No. 11-02106(CKK)

---

**MEMORANDUM OPINION**
(October 16, 2012)

Plaintiffs, Rukayatu E. Bello, Mercedes A. Woodson, Olayinka Oni-Orisan, Fatima Rashid, and Kera Singleton ("Plaintiffs"), have filed the above-captioned case against Defendant Howard University ("Defendant") and Defendant's former employee, George Bright-Abu ("Bright-Abu"), asserting claims arising from Bright-Abu's alleged sexual "physical and verbal assaults" of Plaintiffs. *See generally* Compl., ECF No. [1]. Plaintiffs, who, during all times relevant to the instant Complaint, were work-study students enrolled at Howard University and assigned to work in the University's Founders Library (the "Founders Library") under the supervision of Bright-Abu, assert the following seven counts against Defendant: (I) Declaratory Judgment establishing that Bright-Abu was an employee of the Defendant who was acting in the scope of his employment during the incidents alleged in the complaint, *see* Compl. ¶¶ 35–43; (II) Negligence, *see id.* ¶¶ 44–61; (III) Intentional Infliction of Emotional Distress, *see id.* ¶¶ 62–74; (IV) Negligent Infliction of Emotional Distress, *see id.* ¶¶ 75–83; (V) Sexual Harassment/Hostile Work Environment pursuant to the District of Columbia Human Rights Act, D.C. Code § 2-1401 *et seq.* ("DCHRA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title

VII"), 42 U.S.C. § 1981, and Title IX, Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*.

("Title IX"), *see id*. ¶¶ 84–98; (VI) Civil Assault, *see id*. ¶¶ 99–104; and (VII) Civil Battery, *see id*. ¶¶ 105–110.

Presently before the Court is Defendant's [9] Motion to Dismiss pursuant to Federal

Rules of Civil Procedure 12(b)(1) and 12(b)(6) and 28 U.S.C. § 1367(c).  Defendant moves to

dismiss the Complaint on several grounds, arguing primarily that all federal causes of action pled

in the Complaint fail to state claims upon which relief can be granted and should be dismissed

pursuant to Federal Rule of Civil Procedure 12(b)(6), and that, once the federal claims are

dismissed, there exists no reason for the Court to exercise its supplemental jurisdiction over

Plaintiffs' remaining claims.  *See* Def.'s Mem. in Supp. of its Mot. to Dismiss ("Def's Mem."),

ECF [10], at 1.  Defendant further argues that, even if the Court were to rule on Plaintiffs' non-

federal claims, all such claims must fail due to Plaintiffs' failure to plead necessary elements

and, for certain claims, expiration of the applicable statutes of limitations.  *See id*. at 2.  Because

the Court agrees, for the reasons set forth below, that Plaintiffs assert no viable federal claims

and that the balance of factors under the pendent jurisdiction doctrine favor declining to exercise

jurisdiction over Defendant's request for declaratory judgment and all remaining state law[1]

claims, it need not address Defendant's arguments as to Plaintiffs' non-federal claims – namely,

intentional infliction of emotional distress, negligent infliction of emotional distress, DCHRA

sexual harassment, assault, and battery.

Accordingly, Count V, Plaintiffs' Sexual Harrassment/Hostile Work Environment Claim,

insofar as it is premised upon federal statutes, is dismissed pursuant to Federal Rule of Civil

Procedure 12(b)(6).  Specifically, and for the reasons set forth below, Count V is dismissed with

---

[1] For purposes of the relevant jurisdictional statute and this Memorandum Opinion, the District of Columbia is considered a "state."  28 U.S.C. § 1367(e).

prejudice insofar as it relies on 42 U.S.C. § 1981 and dismissed without prejudice insofar as it

relies on Title VII and/or Title IX.  Because Count V is the only count over which this Court had

original, federal question jurisdiction, the Court declines, pursuant to 28 U.S.C. § 1367(c)(3) and

28 U.S.C. § 2201(a), to exercise jurisdiction over the remaining claims in this action, which

concern issues of District of Columbia statutory and common law.  Accordingly, Defendant's

motion to dismiss is hereby GRANTED, and this federal action is DISMISSED against both

Defendant Howard University and Bright-Abu.[2]

## I.  BACKGROUND

The following facts are taken from the Complaint and must be accepted as true for

purposes of a motion to dismiss.  *See Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681

(D.C. Cir. 2009), cert. denied, — U.S. —, 130 S. Ct. 2064, 176 L. Ed. 2d 418 (2010).  Each of

the five Plaintiffs was a full time work-study undergraduate student at Howard University,

assigned to work in the Founder's Library during the 2010–2011 academic year.  Compl. ¶¶ 1–2.

Plaintiffs' claims are all founded on allegations that Bright-Abu, who was employed by

---

[2] Bright-Abu has not filed a motion to dismiss.  However, Plaintiffs' Complaint asserts the same seven counts against Bright Abu as against Defendant, and all of the federal claims against Bright Abu likewise require dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Count V – insofar as it relies on 42 U.S.C. § 1981, Title VII and/or Title IX – fails to state a claim upon which relief can be granted as against Bright Abu.  Regarding Plaintiffs' Title VII and Title IX claims, Bright Abu is not a proper defendant under either of these statutory schemes.  *See Gary v. Long*, 59 F.3d 1391, 1398 (D.C. Cir. 1995) (holding that, under Title VII, a supervisory employee cannot be held liable in his individual capacity); *Fitzgerald v. Barnstable Sch. Committee*, 555 U.S. 246, 257, 129 S. Ct. 788, 172 L. Ed. 2 582 (2009) ("Title IX reaches institutions and programs that receive federal funds, which may include nonpublic institutions, but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals.") (internal citations omitted).  Regarding Plaintiffs' 42 U.S.C. § 1981 claim against Bright-Abu, this claim suffers from the same infirmity as it does as against Defendant, and as is discussed *infra* at Part III.A.1 – namely, that 42 U.S.C. §1981 is narrowly addressed to remedy racial discrimination, not sex or gender discrimination.  Accordingly, because all federal claims asserted against both Defendant and Bright-Abu must fail, leaving only state law claims over which this Court, for the reasons discussed *infra* at Part III.B, declines to exercise jurisdiction, dismissal is warranted against *both defendants* in this action.

Defendant to supervise work-study students in the Founders Library during the 2010–2011 academic year, *id.* ¶ 14, committed physical and/or verbal assaults and sexually harassed them. *See id.* ¶¶15–34.  The Complaint alleges that, on April 21, 2011, two of the Plaintiffs – Ms. Woodson and Ms. Bello – together called and filed a police report against Bright-Abu with the District of Columbia Police Department.  *Id.* ¶¶ 19, 24.  All Plaintiffs allege that, on or about April 26, 2011, they collectively met with Dr. Arthuree Wright, Director of the Founders Library, "to discuss and confirm" Bright-Abu's various alleged sexual assaults against them.  *Id.* ¶¶ 20, 25, 27, 29, 31.  Further, the Complaint alleges that on July 22, 2011, after a criminal trial in the Superior Court of the District of Columbia, Bright-Abu was convicted on two counts of misdemeanor sexual abuse and one count of simple assault against Plaintiffs Bello and Woodson. *Id.* ¶ 32.  On January 28, 2008, Plaintiffs filed the instant complaint against Defendant and Bright-Abu.  Now before the Court is Defendant's Motion to Dismiss.

While all of Plaintiffs' claims arise from Bright-Abu's alleged misconduct towards them during the 2010–2011 academic year, the individual factual allegations on which they rest differ in important ways.  Accordingly, additional allegations specific to each individual Plaintiff are set forth below.

**A.  Plaintiff Woodson**

Plaintiff Mercedes Woodson alleges that, on or about September 1, 2012, Bright-Abu "on numerous occasions engaged in unwanted touching of Ms. Woodson's back and breast, flirted with Ms. Woodson while at work, and made several degrading propositions of a sexual nature[.]" *Id.* ¶ 16.  Woodson alleges that she reported Bright-Abu's conduct toward her to the following individuals: (1) on September 1, 2010, to Mr. Thomas, a "supervisor in the Founders Library";

(2) on September 1, 2012, to a Security Guard in the Founders Library[3]; (3) on September 2, 2010, to Bright-Abu's secretary, Vaness Oyugi; (4) on September 2, 2010, to two other employees of the Founders Library, Ian Robinson and Aaron Robinson. *Id.* ¶ 17–18.

### B. Plaintiff Bello

Plaintiff Rukayatu E. Bello alleges that on or about April 20, 2011 and several other occasions, the dates of which are not specified, Bright-Abu "engaged in unwanted touching of [her] hair and back," "tried to kiss [her] and hugged her while he was sexually aroused," flirted with Bello while at work, and made several "degrading propositions of a sexual nature." *Id.* ¶ 21. Bello alleges that she reported Bright-Abu's conduct to the following individuals: (1) on or about April 21, 2011, to a Founders Library employee, Aaron Robinson; and (2) on or about April 25, 2011, to a Founders Library employee, Ms. Coleman. *Id.* ¶¶ 22–23.

### C. Plaintiff Oni-Orisan

Plaintiff Olayinka Oni-Orisan alleges that on several occasions during the 2010–2011 academic year, the dates of which are not specified, she witnessed Bright-Abu inappropriately touch and make inappropriate comments to Ms. Bello, which caused Plaintiff Oni-Orisan to feel offended and afraid to go to Bright-Abu's office alone. *Id.* ¶ 26. Other than discussing Bright-Abu's conduct during the April 26, 2011 meeting with Dr. Wright and the other Plaintiffs in this action, Plaintiff Orisan does not allege that she told any other individuals about these incidents.

---

[3] In relevant part, the Complaint reads as follows: "On or about September 1, 2012, Ms. Woodson reported Defendant Bright-Abu's inappropriate actions to a Non-party Howard University employee, Mr. Thomas, who is a supervisor in the Founders Library, and a Security Guard in the Founders Library." Compl. ¶ 16. Plaintiffs' opposition clarifies this ambiguous language by stating that Mr. Thomas was not a security guard. Pl.'s Opp'n at 9.

### D.  Plaintiff Rashid

Plaintiff Fatima Rashid alleges that, on several occasions during the 2010–2011 academic year, the dates of which are not specified, Bright-Abu flirted with her and made "inappropriate and unwelcomed comments" to her such as "'Do you have a boyfriend?  Are you having sex with your boyfriend?'" – all of which caused her to feel afraid to go into Bright-Abu's office and be anywhere alone with him.  *Id*. ¶ 28.  Other than discussing Bright-Abu's conduct during the April 26, 2011 meeting with Dr. Wright and the other Plaintiffs in this action, Plaintiff Rashid does not allege that she told any other individuals about these incidents.

### E.  Plaintiff Singleton

Plaintiff Kera Singleton alleges that on several occasions during the 2010–2011 academic year, the dates of which are not specified, Bright-Abu flirted with her and made "inappropriate and unwelcomed comments" to her such as " 'do you have a boyfriend'" and asking her to be his second wife – all of which caused her to feel afraid to go into Bright-Abu's office and be anywhere alone with him.  *Id.* ¶ 30.  Other than discussing Bright-Abu's conduct during the April 26, 2011 meeting with Dr. Wright and the other Plaintiffs in this action, Plaintiff Singleton does not allege that she told any other individuals about these incidents.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action based upon the plaintiffs' "failure to state a claim upon which relief can be granted."  In essence, a motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the

grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Although "detailed factual allegations' are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must tender "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). While, "[t]he plausibility standard is not akin to a 'probability requirement,'" it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id* at 678.

In considering a 12(b)(6) motion to dismiss, a court must accept as true all of the well-pleaded factual allegations contained in the complaint, *Atherton,* 567 F.3d at 681, and grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Comm'cns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citation omitted). However, a court "need not accept inferences drawn by plaintiff[ ] if such inferences are unsupported by the facts set out in the complaint." *Id.* Nor must the court accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks, brackets and citation omitted). By the same token, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

## III. DISCUSSION

**A.   Plaintiffs' Federal Claims Fail to State any Plausible Claims for Relief.**

In support of Count V, the Sexual Harassment/Hostile Work Environment claim, Plaintiffs' Complaint relies, in part, on three federal statutes – Title VII, 42 U.S.C. § 1981, and Title IX.  *See* Compl. at 14–16.  For the reasons discussed below, Plaintiffs have not stated any claims for which relief can be granted with respect to any of these three statutes; as such, this action has been stripped of all questions of federal law.

**1.  Plaintiffs Have Failed to State a Claim Under Title VII and 42 U.S.C. § 1981.**

In its opening brief, Defendant contends that any reliance by Plaintiffs on Title VII or 42 U.S.C. § 1981 claims is necessarily deficient as a matter of law.  *See* Def.'s Mem. at 12–13.  Regarding Title VII, Defendant correctly observes that the Complaint fails to allege that Plaintiffs have filed an administrative complaint with the Equal Employment Opportunity Commission (EEOC), as they are legally obliged to do before initiating civil suit.  *See id.* at 11 (citing 42 U.S.C. § 2000e-5(e)).  *See also Payne v. Salazar*, 619 F.3d 56, 65 (D.C. Cir. 2010) ("Title VII complainants must timely exhaust their administrative remedies before bringing their claims to court.") (quotations and citation omitted).  Regarding 42 U.S.C. § 1981, Defendant argues that such claim is deficient because that statute prohibits race discrimination and "is in no way addressed to" remedy sex or gender discrimination.  *Id.* at 12 (citing *Runyan v. McCrary*, 427 U.S. 160, 167 (1976)).  In their opposition, Plaintiffs state that Plaintiffs Woodson, Oni-Orisan, Rashid, and Singleton "will amend their complaint to remove, without prejudice" all such claims.  *See* Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl's Opp'n"), ECF No. [13], at 7.  Due to apparent typographical errors, it is unclear to this Court whether Plaintiffs refer to both Title VII and 42 U.S.C. § 1981, or to their Title VII claims only;  it is likewise unclear as to why

Bello's name is omitted from this section, *see id.*, and to date, Plaintiffs have not filed any such amended complaint. Furthermore, Plaintiffs nowhere contend, neither in their Complaint nor their opposition brief, that any one of them filed an administrative charge of discrimination with the EEOC. *See generally* Compl., Pl.'s Opp'n. Nor do they make any effort to rebut Defendant's argument regarding the inapplicability of 42 U.S.C. § 1981 to their claims of sexual harassment. This is entirely unsurprising, as Defendant is correct that 42 U.S.C. §1981 is narrowly addressed to racial discrimination and is "in no way" directed to sex or gender discrimination. *See* Def.'s Mem. at 12 (citing *Runyon v McCrary*, 427 U.S. 160, 167, 96 S. Ct. 2586, 49 L. Ed. 2d 415).[4] "It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) (citing *FDIC v. Bender*, 127 F.3d 58, 67–68 (D.C. Cir. 1997); *Stephenson v. Cox.*, 233 F. Supp. 2d 119, 121 (D.D.C. 2002)), *aff'd*, 98 Fed. Appx. 8 (D.C. Cir. 2004). Accordingly, this Court shall grant Defendant's motion to dismiss Count V of Plaintiffs' Complaint insofar as it relies on Title VII and/or 42 U.S.C. § 1981. Specifically, Plaintiffs' Title VII claims are dismissed without prejudice for failure to exhaust administrative remedies. Plaintiffs' 42 U.S.C. § 1981 claims are dismissed with prejudice; Plaintiffs have conceded the merits of Defendant's argument regarding the applicability of 42 U.S.C § 1981, and this Court has further determined that dismissal with prejudice is warranted because "the allegation of other facts consistent with the [Complaint]

---

[4] Section 1981 states, in relevant part: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property *as is enjoyed by white citizens*, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a) (emphasis added).

could not possibly cure the deficiency" with respect to Plaintiffs' erroneous application of this statute. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (citation and internal quotations omitted).

### 2.  Plaintiffs Have Failed to Plead the Necessary Elements of a Title IX Claim.

Turning now to the core of Defendant's motion, Defendant argues that because Plaintiffs have failed to sufficiently plead the required elements of Count V insofar as it relates to Title IX, these claims too must be dismissed.  Def.'s Mem. at 13–15.  Title IX of the Education Amendments of 1972 provides, in pertinent part:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance …

20 U.S.C. § 1681.  The Supreme Court has recognized an implied private right of action for money damages pursuant to Title IX for a plaintiff who has been the victim of discrimination on the basis of his or her sex by an educational institution that receives federal funding.  *Cannon v. Univ. of Chicago*, 441 U.S. 677, 725, 99 S. Ct. 1946, 60 L. Ed. 2d 560 (1979).  Indeed, the Supreme Court has interpreted Title IX to support a private right of action for students who have suffered sexual harassment by school personnel.  *See Franklin v. Qwinnett Cnty. Pub. Sch.*, 503 U.S. 60, 76, 112 S. Ct. 1028, 117 L. Ed. 2d 208 (1992); *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 118 S. Ct. 1989, 141 L. Ed. 2d 277 (1998).  In *Gebser v. Lago Vista Independent School District*, the Supreme Court explained that "the express remedial scheme under Title IX is predicated upon notice to an 'appropriate person' and an opportunity to rectify any violation." 524 U.S. at 290.  Specifically, it held: "[A] damages remedy will not lie under Title IX unless an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the [federal funds] recipient's behalf has actual knowledge of

discrimination in the recipient's programs and fails adequately to respond." *Id*. Put differently, a

Title IX defendant cannot be held liable for damages based on a *respondeat superior* liability or

even a theory of constructive knowledge of a school employee's sexual harassment of a student.

*See id.* at 285 ("[I]t would "frustrate the purposes" of Title IX to permit a damages recovery

against a school district for a teacher's sexual harassment of a student based on principles of

*respondeat superior* or constructive notice, *i.e.,* without actual notice to a school district

official."). *See also Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 643, 119 S. Ct. 1661,

143 L. Ed. 2d 839 (1999) ("The high standard imposed in *Gebser* sought to eliminate 'any risk

that the recipient would be liable in damages not for its own official decision but instead for its

employees' independent actions." (citing *Gebser*, 524 U.S. at 290–91)). Rather, "[t]o state a

claim under § 1681, therefore, [a p]laintiff must plead facts sufficient to allege 1) actual notice;

2) to an appropriate person, and 3) deliberate indifference." *Blue v. Dist. of Columbia*, 850 F.

Supp. 2d 16, 31 (D.D.C. 2012). *See also Gebser*, 524 U.S. at 290 (adopting a "deliberate

indifference" standard as being in line with the promise of the statute's administrative

enforcement scheme of an official decision by the federal funds recipient not to remedy the

violation). As with any cause of action, if the necessary elements of a Title IX claim are not

adequately pled, the claim is subject to dismissal without prejudice under Rule 12(b)(6). *See*

*Taylor v. FDIC*, 132 F.3d 753, 761 (D.C. Cir. 1997) ("Dismissal under Rule 12(b)(6) is proper

when, taking the material allegations of the complaint as admitted, and construing them in

plaintiff's favor, the court finds that the plaintiffs have failed to allege all the material elements

of their cause of action.").

   This Court recently expounded on the meaning of "appropriate person" in *Blue v. District*

*of Columbia*, 850 F. Supp. 2d 16 (D.D.C. 2012), a case involving a Title IX claim brought by a

public school student against the District of Columbia in connection with alleged sexual

relationship between the student and her teacher.  In *Blue*, the Court dismissed the plaintiff's

Title IX claim pursuant to Rule 12(b)(6), because the plaintiff's complaint contained no

allegations that, *inter alia*, she reported the relationship to school personnel or that those teachers

whom plaintiff conclusorily alleged had actual knowledge included any school district official

with authority to institute corrective measures.  850 F. Supp.  2d. at 31–36.  The Court found "as

a matter of law that [the p]laintiff had failed to adequately plead her Title IX claim." *Id.* at 36.  In

so doing, the Court explained: "[I]n the context of student-teacher sexual harassment, the

'authority to take corrective action' means the ability to fire or discipline the teacher in

question."  (citing Fourth Circuit and Fifth Circuit cases holding the same and noting that this

interpretation is "consistent with the purpose stated in *Gebser* – that a federal funding recipient

not be subject to liability under Title IX without notice of the discriminatory conduct and the

opportunity to take remedial action"). *Id.* at 34.

Turning to the case at hand, Defendant's argument is clear:  Plaintiffs' have failed to

plead knowledge by an "appropriate person" with "at a minimum authority to address the alleged

discrimination and to institute corrective measures," and that such person "faile[d] to adequately

respond."  Def.'s Mem. at 13–15; Def.'s Reply Mem. in Further Supp. of its Mot. to Dismiss

("Def.'s Reply"), ECF No. [16] at 3 (citing *Gebser*).  In response, Plaintiffs' opposition does no

more than repeat the broad assertions contained within their Complaint that Defendant "had been

on notice of [ ] Bright-Abu's physical and verbal assault tendencies," Compl. ¶¶ 57, 96.  This

conclusory allegation, without any indication as to why, when, or how Defendant was on notice,

lacks meaningful factual content and is thus insufficient on its own to show actual knowledge by

any appropriate person or persons of the alleged harassment, at a time when it was ongoing such

that remedial action would have been possible.  *See Kowal*, 16 F.3d at 1276  ("A court [ruling on a 12(b)(6) motion] need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint.  Nor must the court accept legal conclusions cast in the form of factual allegations.") (citing *Papasan*, 478 U.S. at 286).  Plaintiffs make a feeble attempt to cure this deficiency by injecting additional factual allegations throughout their opposition, stating, for example, that "[t]hrough appropriate discovery it will be revealed" that the security guard to whom Plaintiff Woodson allegedly complained was a victim of Bright-Abu as well and that Defendant was notified of this incident prior to the incidents with Plaintiffs.  *See* Pl.'s Opp'n at 9.  However, it is well settled that when ruling on a 12(b)(6) motion to dismiss, the Court is limited to considering the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record.  *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). Accordingly, when a plaintiff raises factual allegations not contained within the pleadings for the first time on opposition, such allegations cannot properly be considered by the Court.   In any event, even accepting the additional "facts" contained within Plaintiffs' opposition, they are themselves unsupported by any detail as to *how* Defendant was on notice of Bright-Abu's prior conduct or tendencies.

More to the point, Plaintiffs' Complaint nowhere alleges that the any of the select individuals to whom Plaintiffs did disclose information about Bright-Abu's alleged behavior prior to April 20, 2011, the latest date on which any of the alleged conduct took place  –  namely, Mr. Thomas, Bright Abu's secretary, the Founders Library security guard, or two other Founders Library employees – had the authority to take corrective action against Bright-Abu.  *See* Pl.'s Compl. ¶ 17–18.  Nor do Plaintiffs even attempt to explain in their opposition why or how it

might be the case that they did.  *See generally* Pl's Opp'n.  While each Plaintiff alleges that they attended a meeting with Dr. Wright, the Director of the Founders Library, during which they informed Dr. Wright about Bright-Abu's misconduct, this meeting is not alleged to have taken place until on or about April 26, 2011.  *See* Compl. ¶¶ 20, 25, 27, 29, 31.  As such, Plaintiffs cannot rely upon any inference – reasonable at it may be – that Dr. Wright, as Library Director, had the requisite authority under *Gebser*, because there exist no facts in the Complaint to support a conclusion that Dr. Wright had actual knowledge of the alleged discrimination prior to Bright-Abu's alleged latest in time, April 20, 2011 assault or Plaintiffs Woodson's and Bello's April 21, 2011 police report.  *See, e.g. Blue*, 850 F. Supp. 2d at 32 (crediting defendant's argument that an appropriate person from the school district must have had actual knowledge of sexual relationship between teacher and minor student *prior* to the conclusion of said relationship to support a claim under Title IX).  *See also Davis v. DeKalb County School Dist.*, 233 F.3d 1367, 1372 (11th Cir. 2000), *cited in Blue*, 850 F. Supp. 2d at 32 (school district lacked actual knowledge required by Title IX that teacher sexually harassed students during school year when school official did not learn of harassment until start of the following school year).

Instead, Plaintiffs seemingly hang their hats on the allegation that Plaintiff Woodson "reported [Bright-Abu's] inappropriate actions" to "Mr. Thomas," a "supervisor" in the Founders Library.  *See* Compl. ¶ 17; Pl's Opp'n at 9.  But, as Defendant rightly observes, *see* Def.'s Reply at 4, neither Plaintiffs' Complaint nor their opposition provide any indication as to whether Mr. Thomas was even in Bright-Abu's chain of command, whether he had any authority over Bright-Abu or was in a subordinate role to Bright-Abu, or whether he worked in a related or an unrelated area or function of the Founders Library.  Plaintiffs cannot salvage their Complaint simply by pointing to the use of the term "supervisor," as this alone provides insufficient footing

for a plausible inference that Mr. Thomas was a supervisor with the necessary authority to

remedy the situation.  A complaint alleging facts which are "merely consistent with a

defendant's liability … stops short of the line between possibility and plausibility of entitlement

to relief."  *Iqbal*, 550 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks

omitted).[5]

At best, Plaintiffs could argue that, based on their allegations that they had told certain

employees in the Founders Library, word about Bright-Abu's alleged conduct must have gotten

to the proper authorities.  However, the case law makes patently clear that such level of

_____

[5] Defendant also argues, in the alternative, that Plaintiff Woodson should be estopped from
claiming that she reported to a "supervisor" at the University prior to April 2011 due to the fact
that during Bright-Abu's criminal trial, Woodson testified under oath that she told Bright-Abu's
secretary about the alleged misconduct, but did not indicate that she had reported it to anyone
else and gave an elaborate explanation as to why she did not do "something about it." *See* Def's
Mem. at 15–17; Def's Reply at 6–8 (citing Def.'s Ex. A, Trial Tr., at 20, 22, 27–28).  Because
the Court finds that Plaintiffs' Complaint fails as a matter of law on its face, it need not reach
Defendant's judicial estoppel argument.  Nonetheless, the Court shall take this opportunity to
clarify that, in reaching its decision to grant Defendant's motion, it does not, and could not, rely
on this line of reasoning.  To be sure, Defendant correctly notes that in ruling on a motion to
dismiss under 12(b)(6), a court may consider matters of which the court may take judicial notice
including, in appropriate circumstances, records in related cases, without converting the motion
to dismiss to a motion for summary judgment.  *See Dupree v. Jefferson*, 666 F.2d 606, 608 n. 1
(D.C. Cir. 1981).  However, the rule still holds that judicial notice is restricted to, in relevant
part, "fact[s] that [are] not subject to reasonable dispute because [they] … can be accurately and
readily determined from sources whose accuracy cannot reasonably be questioned." FED. R.
EVID. 201(b).  While this Court may take judicial notice of the fact that Woodson testified at
Bright-Abu's criminal proceedings, it declines to take judicial notice of her testimony for the
truth of the matters asserted therein.  Furthermore, for what it is worth, Defendant has
undoubtedly overreached in its characterization of Woodson's testimony.  While it is true that
Plaintiff Woodson did not identify at the criminal trial any individual with whom she discussed
Bright-Abu's alleged conduct other than Bright-Abu's secretary, and likewise true that she
provided explanations as to why she did not do "something about it," she at no point explicitly
stated that she did not tell anyone else about the alleged incidents prior to April 2011.  *See* Ex. A,
Trial Tr. 20, 22, 27–28.  Accordingly, even if the Court could properly invoke Woodson's prior
testimony to judicially estop her from pursuing her claim here, it would certainly not do so on the
basis of a mere omission of fact.  *See, e.g., Feld v. Feld*, Civ. A. No. 09–479, 2010 WL 254000,
at *1 n.3 (D.D.C. Jan. 21, 2010) ("The Court will take judicial notice of the prior lawsuit and its
dismissal for lack of personal jurisdiction, but not the deposition testimony, why is equivocal at
best.")

knowledge is insufficient to state a claim under Title IX, as the Supreme Court in *Gebser*

"declined the invitation to impose liability under what amounted to a negligence standard –

holding the [school] district liable for its failure to react to teacher-student harassment of which it

knew or *should have* known." *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. at 642 (emphasis in

original). Rather, the Court "concluded that the [school] district could be liable for damages

only where the district itself intentionally acted in clear violation of Title IX." *Id.*

On a final note, even if Plaintiffs had sufficiently plead that Mr. Thomas, or any of the

other select individuals to whom they allegedly reported the incident prior to April of 2011 were

"appropriate persons" on notice of Bright-Abu's alleged misconduct, there is nothing in the

Complaint to suggest that these individuals acted with the requisite "deliberate indifference." *See*

*generally* Compl. Again, plaintiffs attempt to dodge dismissal on this ground by positing in their

opposition that "discovery will lead to evidence that [Defendant] not only had the required notice

of Defendant Bright-Abu's sexual harassment tendencies but also that they were deliberately

indifferent to properly addressing [Bright-Abu]." Pl.'s Opp'n at 9. Setting aside the fact that

these assertions in Plaintiffs' opposition remain in themselves too vague and conclusory to

support a reasonable inference that an "appropriate person" was on notice, the Complaint

contains none of these allegations, and, as Defendant appropriately retorts, the Supreme Court

has made clear that the "doors of discovery" do not "unlock" "for a plaintiff armed with nothing

more than conclusions." Def.'s Reply at 5 (citing *Iqbal*, 129 S. Ct. at 1950). While Plaintiffs

also argue in their opposition that the Founders Library Director, Dr. Wright, failed to take

appropriate corrective measures *after* Plaintiffs notified her of the situation, and that Plaintiffs

were therefore "left with no other choice but to report the incidents to the District of Columbia

police," Pl. Opp'n at 10, this sequence of events is unsupported by any factual content and is

plainly contradicted by the allegations contained within Plaintiffs' own Complaint.  *See* Compl. ¶¶ 19–20, 24–25 (alleging that Plaintiffs Woodson and Bello "filed a police report against Defendant Bright-Abu with the District of Columbia Police Department on or about *April 21, 2011*" and then subsequently met with Dr. Wright "[o]n or about *April 26, 2011*" (emphasis added)).  Further, the Complaint is devoid of any meaningful factual allegations to support an inference that Dr. Wright failed to take appropriate corrective measures or exhibited indifference after being notified of Bright-Abu's alleged misconduct.  *See generally* Compl.  While Plaintiffs loosely allege that Defendant created an abusive and hostile working environment for Plaintiffs by continuing to employ Bright-Abu despite having been "on notice of [his] physical and verbal sexual assault tendencies," *see* Compl. ¶ 96, the Complaint nowhere alleges that Defendant continued to employ Bright-Abu *after* the Plaintiffs met with Dr. Wright on April 26, 2011.  *See generally* Compl.  Nor do Plaintiffs contend in their opposition that it did, despite Defendant having raised this point in its opening brief.  Accordingly, there exists no basis on which this Court could reasonably infer that once Defendant was on notice, it, acting with "deliberate indifference" to the alleged discrimination, failed to take remedial measures or that such failure resulted in harm to any of the Plaintiffs.  *See Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. at 645 ("[T]he deliberate indifference must, at a minimum, cause students to undergo harassment or make them liable or vulnerable to it.") (citation and internal quotations omitted).  *See also Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 684, 661 (5th Cir. 1997) ("[T]he school district can be liable, if at all, only for the damages caused by its intentional acts of discrimination.  If the conduct has ceased by the time a supervisory employee of the sort we describe here learns of it, there is no liability in a private suit for the conduct based on some personal failure to take 'proper remedial action' thereafter.")

For all of the foregoing reasons, and with regard to each element of Plaintiffs' Title IX case, this Court finds that the facts alleged in Plaintiffs' Complaint are simply not "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544 at 555.  To the extent Plaintiffs' Title IX claims erroneously rely on a *respondeat superior* or "should have known" theory, such claims must be dismissed with prejudice.  To the extent Plaintiffs' Title IX claims attempt to plead the requisite "actual knowledge" to an "official [with] authority to address the alleged discrimination" who "failed adequately to respond," *Gebser*, 524 U.S. at 290, such claims must be dismissed without prejudice for failure to sufficiently state a claim upon which relief can be granted.

## B.  The Court Shall, in its Discretion, Decline to Exercise Jurisdiction Over Plaintiffs' Remaining Claims.

Original jurisdiction over the instant action derives from 28 U.S.C. § 1331, due to the invocation in Count V of claims based upon federal statutes – Title VII, 42 U.S.C. §1981, and Title IX.  All such federal claims, for reasons discussed *supra* Part III.A., are no longer before this Court.   As Defendant correctly notes in its opening brief, *see* Def.'s Mem. at 18, although Plaintiffs' Complaint also grounds jurisdiction over this action in diversity of citizenship pursuant to 28 U.S.C. § 1332, it is clear from the face of the Complaint that there is no complete diversity.  Four of the five Plaintiffs resided at all relevant times in the District of Columbia, Compl. ¶¶ 1–5; Howard University is also located in the District of Columbia and has its principal place of business there.  *Id.* ¶ 6. As the Supreme Court has consistently held, 28 U.S.C. § 1332 requires complete diversity; that is, "[i]n a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citations omitted).  Plaintiffs do not

dispute in their opposition that the Court lacks diversity jurisdiction in this case and therefore concede this point. *See generally* Pl.'s Opp'n.

Moreover, to the extent Plaintiffs attempt to ground jurisdiction in Count I – their request, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that Bright-Abu was an employee of Defendant's acting "within the scope of his employment" during all times relevant to the Complaint, *see* Compl. ¶ 35, it must be noted that Count I cannot shield this action from dismissal, as a request for declaratory relief does not in itself establish federal question jurisdiction.[6]  *See Munn Bey v. Dep't of Corrections*, 839 F. Supp. 2d 1, 4 n.3 (D.D.C. 2011) ("To the extent [p]laintiffs are relying on 28 U.S.C. § 2201, it is a well-established rule that the Declaratory Judgment Act is not an independent source of federal jurisdiction.  Rather, the availability of declaratory relief presupposes the existence of a judicially remediable right." (citing *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011)) (internal quotations omitted)). Indeed, district courts have broad discretion to decline to exercise jurisdiction over requests for declaratory relief.  *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995) (citing repeated Supreme Court characterizations of the Declaratory Judgment Act as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant") (internal citations omitted).[7]

---

[6] Furthermore, as discussed *infra*, the Court, in its discretion, finds it unnecessary to address the question as to whether Bright-Abu was acting within the scope of his employment while engaging in the conduct alleged in the Complaint, as this is an issue arising from, and pertinent to, Plaintiffs' state law claims.

[7] Further, although it need not reach the issue, the Court takes the opportunity to note that Plaintiffs' request for a declaration regarding whether Bright-Abu was acting "within the scope of his employment" is a boldly impermissible use of the remedy of declaratory relief. For one, it is superfluous in that it necessarily "duplicates" the elements of several of Plaintiffs' other claims in this action and "will be rendered moot by the disposition of th[ose] claims." *Boone v. MountainMade Found.*, 684 F.Supp.2d 1 (D.D.C. 2010).  Additionally, it is well established in this Circuit that past injuries alone are insufficient to establish standing for declaratory relief;

Now that Plaintiffs' Title VII, 42 U.S.C. § 1981, and Title IX claims have been dismissed, all that remains are questions of state law – specifically, Plaintiffs' state law claims (intentional infliction of emotional distress, negligent infliction of emotional distress, DCHRA sexual harassment, assault, and battery), and Plaintiffs' request for declaratory relief on the "scope of employment" issue on which, as apparent from Plaintiffs' own allegations, several of the aforementioned state law claims rely, *see* Compl. ¶¶ 48, 64, 68, 52, 54, 56, 64, 66, 68, 70, 72, 87, 89, 91, 93, 95, 101, 103, 107, 109, and necessarily turns on state law.  Defendant requests that the Court decline to exercise its jurisdiction over these claims and instead dismiss the case. Def.'s Mem. at 18–19; Def's Reply at 8.  For their part, Plaintiffs argue, with little explication, that the Court may decide to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and should do so here because the federal and state law claims involve the same set of facts.  Pl.'s Opp'n at 13.[8]

To be sure, Plaintiffs are correct that a federal district court may exercise supplemental jurisdiction over state law claims if they are "so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). However, a court's decision to exercise supplemental jurisdiction is discretionary.  *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423 (D.C. Cir. 2005) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) ("[P]endent jurisdiction is a doctrine of discretion, not a plaintiff's right.").  *See also* 28 U.S.C. § 1367(c)(3) (a "district court[ ] may decline to exercise supplemental jurisdiction over a claim … if … the district court has dismissed

rather, plaintiffs must show that they are suffering an ongoing injury or face an immediate threat of injury. *Dearth v. Holder*, 641 F.3d 499.

[8] Plaintiffs also argue, in the alternative, that the Court should "remand" the case rather than dismiss it. Pl.'s Opp'n at 13.  However, this Court could not possibly remand Plaintiffs' claims to state court because this action was originally filed in federal court. *See* 28 U.S.C. § 1447(c).

all claims over which it has original jurisdiction."). "[I]n the usual case in which all federal-law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)).

In this case, the balance of factors point toward dismissal of Plaintiffs' remaining claims. The Court has dealt with these claims only in the context of the instant motion to dismiss. The parties have not yet engaged in any discovery in connection with this action. There exists no reason to believe that the parties or potential witnesses would be inconvenienced by trying this matter in D.C. Superior Court. Nor is there reason to believe Plaintiffs will be prejudiced, as all statute of limitations periods relevant to their state law claims have been tolled while this case is pending, and will remain tolled for thirty days after this Order. *See* 28 U.S.C. § 1367(d). Furthermore, principles of comity weigh in favor of allowing local District of Columbia courts to decide matters of District of Columbia law. *Lowe v. District of Columbia*, 669 F. Supp. 2d 18, 31–31 (D.D.C. 2009) ( "[I]n the interests of comity, federal judges should refrain from deciding cases founded solely on local law when the requirements for diversity jurisdiction are not present.") (*quoting Mitchell v. Yates*, 402 F. Supp. 2d 222, 235 (D.D.C. 2005)). Finally, using the judicial resources of the Federal Courts to try local claims is not in the interest of judicial economy. Accordingly, in its discretion, the Court finds that all of the relevant considerations weigh in favor of the Court declining to exercise jurisdiction over the claims asserted in Counts I, II, III, IV, VI, and VII.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that Count V of Plaintiffs' Complaint is

dismissed with prejudice insofar as it relies upon 42 U.S.C. §1981, and dismissed without

prejudice insofar as it is grounded in Title VII and/or Title IX.  Further, in its discretion, the

Court declines to exercise jurisdiction over Plaintiffs' remaining claims, which concern issues of

District of Columbia statutory and common law.  Accordingly, Defendant's [9] Motion to

Dismiss is GRANTED, and Plaintiffs' federal suit is DISMISSED against both Defendant

Howard University and Bright-Abu.


Date:   October 16, 2012

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge